**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| ANGELINE MORRIS, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>-against-<br><br>CONTINENTAL SERVICE GROUP, INC., dba CONSERVE<br><br>Defendant. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff, ANGELINE MORRIS (hereinafter, "Plaintiff"), a Texas resident, brings this class complaint by and through her undersigned attorneys against Defendant CONTINENTAL SERVICE GROUP, INC. dba CONSERVE (hereinafter "Defendant" or "CONSERVE"), for its violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692 (hereinafter "FDCPA"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws .

. . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3. The rights and obligations established by section 15 U.S.C. § 1692g were considered by the Senate at the time of passage of the FDCPA to be a "significant feature" of the Act. See *S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.*

## NATURE OF THE ACTION

4. Plaintiff brings this action individually and on behalf of a Texas class seeking redress for Defendant's actions which violate the FDCPA.

5. It was the purpose of the FDCPA to eliminate abusive debt collection practices by debt collectors. See 15 U.S.C. §1692(e).

6. The regulations under the FDCPA include prohibiting debt collectors from making any false, misleading or deceptive representations, from attempting to collect an amount they are not entitled to, and from attempting to collect an amount they were unable to verify after a dispute.

7. Plaintiff is alleging that Defendant violated several sections in the FDCPA, including 15

U.S.C. §1692e and 1692f.

8. Plaintiff is seeking statutory damages, actual damages, attorney's fees and costs, and declaratory and injunctive relief for the violations of the FDCPA.

## JURISDICTION AND VENUE

9. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

11. Plaintiff is a natural person and a resident of the State of Texas, city of Houston.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. Defendant CONSERVE is a collection agency with its registered office located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

14. Upon information and belief, CONSERVE is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

15. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

16. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

17. Some time prior to May 19, 2017, an obligation was allegedly incurred to Lone Star College.

18. The Lone Star College obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

19. The alleged Lone Star College obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

20. Lone Star College is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

21. Defendant contends that the Lone Star College debt is past due.

22. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

23. On or about May 19, 2017, Defendant sent the Plaintiff a collection letter in an attempt to collect the Lone Star College bill. See **Exhibit A.**

24. The letter was received and read by the Plaintiff.

25. The letter stated in part:

    "Principal: $927.20

    Interest: $0.00

    Creditor Assessed Late Fees: $0.00

    Creditor Assessed Coll Costs: $231.80

    Total Due: $1159.00"

26. Pursuant to the FDCPA, a debt collector may not charge any fees, unless such fees are expressly authorized by the agreement creating the debt or permitted by law. See 15 U.S.C. §1692f(1).

27. Upon review of the underlying contract, the contract makes clear that if a collection agency is used to collect the alleged debt, the Plaintiff is only responsible for "collection and/or litigation **costs** or attorney fees" (emphasis added). See **Exhibit B**.

28. In addition, there exists no law that allows Defendant to charge the $231.80 fee.

29. Upon information and belief, as of May 19, 2017 the Creditor did not incur $231.80 in costs to collect the alleged debt.

30. The "creditor assessed coll costs" of $231.80 represents twenty five percent (25%) of the alleged principal debt. This assessed amount is liquidated damages rather than the "costs" of collection.

31. While Defendant may be charging a contingency fee of 25% for any amounts collected, as of May 19, 2017 no fees were collected, and no costs were incurred.

32. In similar fact patterns, both the Eight and Eleventh Circuit agreed that when a consumer only agrees to pay the "costs" of collection, a debt collector violates the FDCPA when it charges a collection fee based on a percentage of the principal balance of the debt rather than the actual cost of collection. See *Kojetin v. CU Recovery, Inc.,* 212 F.3d 1318, 1318 (8th Cir.2000) and *Bradley v. Franklin Collection Service, Inc.*, 739 F.3d 606 (11th Cir. 2014).

33. As such, Defendant is attempting to collect an amount they are not entitled to in violation of the FDCPA.

34. Defendant's conduct harmed the Plaintiff.

## CLASS ALLEGATIONS

35. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class")

consisting of: a) All consumers who have an address in the state of Texas b) who were sent a collection letter from the Defendant c) attempting to collect a consumer debt owed to Lone Star College Systems, d) that attempted to collect liquidated damages equal to a percentage of the principal balance e) when the underlying contract only allows for the costs of collection to be charged f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

36. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

37. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

38. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e and 1692f.

39. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

40. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously

pursue this action.

41. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e and 1692f.

    (c) **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    (d) **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    (e) **Superiority:** A class action is superior to the other available means for the fair and

efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

42. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

43. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f** *et seq.*

44. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

45. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

46. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

47. More specifically, pursuant to 15 U.S.C. § 1692f (1) a debt collector may not attempt to

collect an amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

48. The Defendants violated 15 U.S.C. § 1692f (1) by attempting to collect an amount that they were not entitled to.

49. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

50. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

51. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

52. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

53. The Defendant violated said section by:

    a. Falsely representing the character, amount, and legal status of the alleged debt in violation of 1692e(2);

    b. Making false or deceptive representation in connection with the collection of a debt in violation of 1692e(10).

54. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and

attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Ari H. Marcus, Esq and Yitzchak Zelman, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: September 29, 2017

s/Daniel Zemel
Daniel Zemel, Esq.
ZEMEL LAW, LLC
78 John Miller Way, Suite 430
Kearny, NJ 07032
Phone: (862) 227-3106
Facsimile: (862) 204-5901
Email: dz@zemellawllc.com
*Attorneys for Plaintiff*

**PRO HAC VICE APPLICATION
TO BE FILED**
Yitzchak Zelman, Esq.
MARCUS ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone: (732) 695-3282

Facsimile: (732) 298-6256  
Email: yzelman@marcuszelman.com  
*Attorneys for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: September 29, 2017       By:     s/ Daniel Zemel_____
                                        Daniel Zemel, Esq.